J-S04018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOZSEF GYETVAI, | |
| Appellant | No. 716 MDA 2014 |

Appeal from the PCRA Order entered March 20, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0003461-2007

BEFORE: BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 09, 2015**

Jozsef Gyetvai ("Appellant") appeals *pro se* from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.[1]

The PCRA court summarized the pertinent facts and procedural history as follows:

> On February 28, 2008, [Appellant] pled guilty to one count of rape of a child. In exchange, the other charges against [Appellant] were dropped. These charges arose between March and November of 2007 when [Appellant] repeatedly sexually abused his ten-year-old stepdaughter.

---

[1] Given our disposition, we deny the Commonwealth's motion to quash as moot.

*Retired Senior Judge assigned to the Superior Court.

On May 30, 2008, [Appellant] was sentenced to 15 to 35 years, followed by five years of special probation. [Appellant] filed a Motion for Reconsideration of Sentence which was denied on June 10, 2008. [Appellant did not file a direct appeal].

On December 29, 2008, [Appellant] filed a [PCRA petition]. [PCRA counsel] was appointed to represent [Appellant]. On May 7, 2010, [PCRA counsel] filed a Motion to Withdraw Pursuant to a [*Turner*/*Finley*] Letter. On June 15, 2010, [PCRA counsel's] motion was granted. Also on June 15, 2010, this court issued a Notice of Intent to Dismiss and on July 15, 2010, dismissed the petition. [Appellant] filed a notice of appeal to the Superior Court, and on July 7, 2011, the Superior Court affirmed the court's denial of PCRA relief.

On September 9, 2011, [Appellant] filed his second PCRA petition. On September 12, 2011, this court again appointed [PCRA counsel] to represent [Appellant]. On May 28, 2013, [PCRA counsel] filed a Motion to Withdraw as Counsel Pursuant to a [*Turner*/*Finley*] Letter. On July 9, 2013, [PCRA counsel's] motion was granted. Also on July 9, 2013, this court issued a Notice of Intent to Dismiss and on September 26, 2013, dismissed [Appellant's second PCRA] petition.

On September 30, 2013, [Appellant] filed his third PCRA petition, and on December 3, 2013 filed a motion in support. On January 16, 2014 this court issued a Notice of Intent to Dismiss and on March 20, 2014, dismissed the petition.

PCRA Court Opinion, 1/16/14, at 1-2. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA

court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id***.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new

constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on July 10, 2008, thirty days after the time for filing a direct appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file the PCRA petition at issue by July 10, 2009 in order for it to be timely. As Appellant filed the instant petition on September 30, 2013, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, Appellant does not even acknowledge the untimeliness of his latest PCRA petition in his appellate brief. Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's PCRA petition.

We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Motion to Quash denied as moot. Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015